IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Citadel Securities Americas Services LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>Vincent Prieur,<br><br>      Defendant. | Civil Action No. 1:22-cv-05185<br><br>Judge John F. Kness |

### CITADEL SECURITIES AMERICAS SERVICES LLC'S NOTICE OF DISMISSAL

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Citadel Securities Americas Services LLC ("Citadel Securities") hereby files a notice of dismissal of this action, and states:

1. In this action, Citadel Securities alleges that Defendant Vincent Prieur has breached a Non-Compete Agreement that he executed with Citadel Securities by becoming employed at Portofino Technologies ("Portofino"), a competitor of Citadel Securities. (Dkt. 1-1 at 3-19.)

2. When the parties executed the Non-Compete Agreement, they also executed a Mediation/Arbitration Agreement that provides that "all disputes and claims of any nature" that either party has against the other "will be submitted exclusively first to mandatory mediation and, if unsuccessful, to mandatory binding arbitration." (Dkt. 10-4 at 8.) The agreement also provides, however, that either party "may seek and obtain from a court any injunctive or equitable relief necessary to maintain (and/or to restore) the status quo or to prevent the possibility of irreversible or irreparable harm pending final resolution" of the mediation or arbitration. (*Id.*)

3. On September 16, 2022, pursuant to the Mediation/Arbitration Agreement, Citadel Securities filed (a) a demand for mediation with the American Arbitration Association ("AAA"), and (b) a complaint and an Emergency Motion for Temporary Restraining Order ("TRO") in the Circuit Court of Cook County, Illinois, to enjoin Prieur from working at Portofino in violation of the Non-Compete Agreement. (*See* Dkt. 1-1 at 3 ("Citadel Securities seeks immediate injunctive relief to maintain the status quo pending a private mediation by Citadel Securities (and potential arbitration)."); *id.* at 36 ("[Citadel Securities] respectfully requests the immediate intervention of the Court to maintain the status quo pending mediation of the underlying dispute pursuant to and in accordance with the parties' Mediation/Arbitration Agreement.").)

4. On September 23, 2022, Prieur removed the case to this Court (Dkt. 1), and Citadel Securities filed an Emergency Motion for TRO here (Dkt. 10).

5. On September 28, 2022, the Court granted Citadel Securities' Emergency Motion for TRO. (Dkt. 16.) The TRO was effective until 5:00 PM US Central Daylight Time on October 12, 2022, and could be extended until 5:00 PM US Central Daylight Time on October 26, 2022. (Dkt. 19 at 2.)

6. At an in-person status hearing on October 6, 2022, Citadel Securities informed the Court and Prieur that it intended to move this dispute into arbitration in the event that mediation was unsuccessful. (*See, e.g.*, Dkt. 25-3 at 10:8-10 ("Our intent is to get through mediation as quickly as possible; and if we cannot resolve it, to initiate an arbitration and seek a preliminary injunction there."), 13:16-20 ("We intend to proceed in arbitration, your Honor. . . . And the sooner we can get through the mediation, the sooner we can move to that phase.").)

7. On October 10, 2022, Citadel Securities moved to extend the TRO, and explained in its motion that, despite Citadel Securities' diligent efforts, the parties had not yet engaged in

mediation at that time. (Dkt. 23 at 1-3.) Citadel Securities reiterated that it sought to "maintain the status quo with Prieur pending a private mediation initiated by Citadel Securities and provided by the [AAA] that, pursuant to the parties' Mediation/Arbitration Agreement, must be conducted before Citadel Securities can file a demand for arbitration with AAA, which Citadel Securities intends to do if mediation is unsuccessful." (*Id.* at 1-2.)

8. On October 12, 2022, the Court granted Citadel Securities' motion for an extension of the TRO and in the order referenced "[Citadel Securities]'s statement that it is moving expeditiously to begin an arbitration proceeding." (Dkt. 27 at 2.)

9. On October 13, 2022, the parties engaged in a meeting with counsel that satisfied the mediation requirement of the Mediation/Arbitration Agreement. That meeting did not fully resolve the dispute.

10. On October 17, 2022, Citadel Securities filed an arbitration demand against Prieur with the AAA, Case No. 01-22-00004-3795, together with a motion for preliminary injunction to enjoin Prieur from working at Portofino in violation of the Non-Compete Agreement, and a motion for expedited discovery.

11. Prieur has not answered Citadel Securities' complaint or moved for summary judgment.

12. Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Citadel Securities hereby files this notice of dismissal of this action.

Date: October 26, 2022

Respectfully submitted,

By: */s/ Adam L. Hoeflich*
Adam L. Hoeflich
**BARTLIT BECK LLP**
54 W. Hubbard Street
Chicago, IL 60654
(312) 494-4400

Daniel D. Rubinstein
Christopher Y. Lee
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
(312) 853-7000

*Counsel for Plaintiff Citadel Securities Americas Services LLC*